UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACQUELYN RULE,

    Plaintiff,                                                 Case No. 24-13094

v.                                                     Honorable Nancy G. Edmunds

MATTHEW L. REYES,

    Defendant.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING CASE**

Plaintiff Jacquelyn Rule brings a civil rights complaint in this Court against Matthew L. Reyes, the defense attorney who represented her son in state criminal proceedings. (ECF No. 1.) While Plaintiff is proceeding pro se, she has not sought in forma pauperis status and has paid the filing fee in full. Notwithstanding, for the reasons discussed below, the Court DISMISSES this case.

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988)). A complaint is frivolous "where it lacks an arguable basis either in law or in fact."[1] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The requirement that a plaintiff who has paid the filing fee be given an opportunity

---

[1] The Supreme Court defined frivolousness in *Neitzke* in the context of an in forma pauperis complaint. But the Sixth Circuit has applied that definition in the context of an *Apple* dismissal numerous times. *See, e.g., Hassink v. Mottl*, 47 F. App'x 753, 755 (6th Cir. 2002).

1

to amend prior to a sua sponte dismissal of the complaint does not apply to a sua sponte dismissal for lack of jurisdiction. *See Apple*, 183 F.3d at 479; *see also Kentucky v. Envtl. Prot. Agency*, Nos. 23-5353/5345, 2024 U.S. App. LEXIS 18971, at *4-5 (6th Cir. July 29, 2024) (noting that a district court need not provide notice and the opportunity to be heard where the case is subject to dismissal under *Apple*).

Here, the complaint is subject to dismissal under *Apple* for at least two reasons. First, Plaintiff alleges that Defendant provided ineffective assistance of counsel to her son. She seeks damages and reversal of the criminal conviction. But a plaintiff cannot bring a cognizable civil rights claim if a ruling in his or her favor would render a conviction or sentence invalid, until and unless the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Courts have found ineffective assistance of counsel claims barred by *Heck*, because a resolution in the plaintiff's favor would necessarily imply the invalidity of the conviction. *See, e.g., Jamison v. Anzalone*, No. 14-cv-13847, 2014 U.S. Dist. LEXIS 171349, at *8 (E.D. Mich. Dec. 11, 2014) (citing cases). Because Plaintiff's claim is barred by *Heck*, the Court lacks subject matter jurisdiction over this case. *See Murphy v. Martin*, 343 F. Supp. 2d 603, 609 (E.D. Mich. 2004); *see also Madkins v. City of Memphis*, 20 F. App'x 335, 336-37 (6th Cir. 2001) (affirming the dismissal of a case for lack of subject matter jurisdiction under *Apple* because the plaintiff's § 1983 complaint was barred by *Heck*). And to the extent Plaintiff seeks review of the state court case, this Court lacks the jurisdiction to review state court decisions. *See Patmon v. Mich. Supreme Court*, 224 F.3d 504, 509 (6th Cir. 2000).

Second, to successfully establish a case under § 1983, a plaintiff must prove that the defendant acted under color of law. "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *See Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981). Because Defendant was not acting under color of state law when he served as defense counsel in a criminal case, Plaintiff's § 1983 claim is dismissed for this additional reason. *See Hassink*, 47 F. App'x at 755 (affirming the dismissal of a § 1983 claim for lack of subject matter jurisdiction under *Apple* because the named defendants, which included a lawyer representing his client, were not state actors); *see also Liu v. Runyan*, 46 F. App'x 253, 254 (6th Cir. 2002) (affirming the dismissal of a § 1983 claim for lack of subject matter jurisdiction under *Apple* where the plaintiff did not allege that the defendant was a state actor).

And if the Court were to liberally construe Plaintiff's pro se complaint as bringing a legal malpractice claim, the only basis for exercising jurisdiction over that claim would be diversity jurisdiction.[2] But Plaintiff does not invoke the Court's diversity jurisdiction, and the parties do not appear to be diverse. Thus, the Court does not have jurisdiction over any legal malpractice claim. That claim is dismissed without prejudice to refiling in the appropriate state forum.

For the foregoing reasons, Plaintiff's complaint is DISMISSED without prejudice.

SO ORDERED.

                               s/Nancy G. Edmunds
                               Nancy G. Edmunds
                               United States District Judge

Dated: January 14, 2025

---

[2] Even if there were other claims over which the Court did have jurisdiction, it would decline to exercise supplemental jurisdiction over any legal malpractice claim.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 14, 2025, by electronic and/or ordinary mail.

                         s/Marlena Williams
                         Case Manager